UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN UZEL, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> – *against* – <br><br> RBC CAPITAL MARKETS, LLC, <br><br> Defendant. | No. 1-24-CV-08226 (ALC) |
| REGIS J. MOELLER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> – *against* – <br><br> ROYAL BANK OF CANADA and RBC CAPITAL MARKETS, LLC, <br><br> Defendants. | No. 1:25-cv-04512 (ALC) |

## PRE-TRIAL ORDER NO. 1

**WHEREAS**, the above-captioned actions are presently pending before this Court;

**WHEREAS**, the Court finds that the above-captioned actions are related, and these and any related actions that are subsequently filed in or transferred to this Court after the date of this Order should be consolidated as set forth herein;

**ACCORDINGLY**, and for Good Cause Shown,

**IT IS HEREBY ORDERED THAT:**

### I.   CONSOLIDATION OF ACTIONS

1. The following actions (the "Actions") are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure: *Uzel v. RBC Capital Markets, LLC*, No. 1:24-cv-08226 (ALC) and *Moeller v. Royal Bank of Canada, et ano.*, No. 1:25-cv-04512 (ALC).

2. This Order is made without prejudice to the right of any party to the Actions for good cause shown to seek revisions or adjustments to this Order.

3. Defendants' consent to the entry of this Order shall not be deemed, and is not, a waiver of any of Defendants' respective rights or defenses in the Actions.

### II.   MASTER DOCKET AND SEPARATE ACTION DOCKETS

4. A master docket is hereby established for the Actions. The Master Docket shall be Civil Action No. 1:24-cv-08226 (ALC). The original of this Order shall be filed by the Clerk on the Master Docket. Separate dockets shall also be maintained for each of the Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

5. When a pleading or other paper is filed in the Actions, and the caption shows that it is to be applicable to "All Actions" therein, the Clerk shall file such pleading or other paper on the Master Docket. No further docket entries need be made.

6. When a pleading or other paper is filed in one of the Actions, and the caption shows that it is not applicable to all of the actions therein, the Clerk shall file the original of such pleading or other paper on the Master Docket and a copy on the docket of each specific action to which the pleading or other paper is intended to be applicable.

### III. SUBSEQUENT RELATED ACTIONS

7. When a case that relates to the same subject matter in the Actions is hereafter filed in this Court or transferred here from another court (a "Subsequent Related Action"), the Clerk of this Court shall:

   a. File a copy of this Order in the separate file for the Subsequent Related Action;

   b. Mail a copy of the Order of assignment to counsel for Plaintiffs and counsel for each Defendant in the Actions;

   c. Make an appropriate entry in the Master Docket;

   d. Mail to the attorneys for the Plaintiff(s) in the Subsequent Related Action a copy of this Order; and

   e. Upon the first appearance of any new Defendant(s), mail to the attorneys for the Defendant(s) in the Subsequent Related Action a copy of this Order.

8. Counsel for Plaintiffs and Defendants in the Actions shall cooperate in calling to the attention of the Clerk any Subsequent Related Action(s).

## IV. APPLICATION OF THIS ORDER TO A SUBSEQUENT RELATED ACTION

9. This Order shall apply to each Subsequent Related Action that is filed in or transferred to this Court after the date of this Order, unless a party objecting to the consolidation of that Subsequent Related Action into the Actions or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within fifteen (15) days after the date on which the Clerk files an entry on the Master Docket indicating the possible relatedness of such Subsequent Related Action.

## V. CAPTIONS OF THE ACTIONS

10. The consolidated Actions shall be referred to as: *In re: RBC Capital Markets Cash Sweep Litigation*, Master File No. 1:24-cv-08226 (ALC), and every pleading or other paper filed in the consolidated actions shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: RBC Capital Markets Cash Sweep Litigation*<br><br>This Document Relates To: | MASTER FILE<br>NO. 1:24-cv-08226 (ALC) |

11. When a pleading is intended to be applicable to all actions to which this Order is applicable, the words, "All Actions" shall appear immediately after the words, "This Document Relates To:" in the caption set out above.  When a pleading is intended to be applicable only to some, but not all, of such actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the name of the named Plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above, *e.g.*, "Civil Action No. 24-_____."

## VI. ORGANIZATION OF COUNSEL

12. Pursuant to Fed. R. Civ. P. 23(g)(3), the Court designates Boies Schiller Flexner LLP, Glancy Prongay & Murray LLP, Law Office of Christopher J. Gray, P.C. and Robbins Geller Rudman & Dowd LLP as Interim Class Counsel in the Actions and any Subsequent Related Action consolidated therewith to act on behalf of all putative class members.

13. Interim Class Counsel shall have sole authority over the following matters with respect to the Actions and any Subsequent Related Action(s): (i) the initiation, response, scheduling, briefing and argument of all motions; (ii) the scope, order and conduct of all discovery proceedings; (iii) such work assignments to other Plaintiffs' counsel as they may deem appropriate; (iv) the retention of experts; and (v) other matters concerning the prosecution of or resolution of their respective case.

14. No motion shall be initiated or filed on behalf of any Plaintiff in the Actions (or any Subsequent Related Action) except by Interim Class Counsel.

15. Interim Class Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of Plaintiffs in the Actions unless that authority is expressly delegated to other counsel.

16. All counsel shall make their best efforts to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. However, nothing stated herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action, or as to which there is a genuine and substantial disagreement among counsel.

17. Nothing herein shall limit the requirements on Plaintiffs and Plaintiffs' counsel set forth in Fed. R. Civ. P. 23, or shall pertain to whether any of the current actions should be certified as a class action, whether Plaintiffs are adequate representatives of any class that may be certified, or whether Plaintiffs' counsel are adequate counsel for any such class.

## VII. SERVICE OF DOCUMENTS

18. The parties shall affect service of papers on each other by filing with the SDNY ECF system.

## VIII. CONSOLIDATED CLASS ACTION PLEADINGS

19. In light of the consolidation of the Actions, Defendant RBC Capital Markets, LLC's previously filed Motion to Dismiss (ECF No. 17) and Motion for Oral Argument (ECF No. 25) are hereby denied, without prejudice, as moot.

20. Plaintiffs in the Actions shall file a single Consolidated Amended Class Action Complaint ("CAC") on or before September 15, 2025.

21. Defendants in the Actions shall file a Pre-Motion Letter pursuant to the Court's Individual Practices concerning Defendants' anticipated motion to dismiss the CAC pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") on or before September 29, 2025.

22. Plaintiffs shall file a response to Defendants' Pre-Motion Letter on or before October 2, 2025.

23. Defendants shall file the Motion to Dismiss, if permitted by the Court, within 30 days of any order granting Defendants' leave to file the Motion to Dismiss.

24. Plaintiffs shall file papers in opposition to the Motion to Dismiss ("Plaintiffs' Opposition") within 30 days after filing and service of the Motion to Dismiss.

25. Defendants shall file any papers in reply to Plaintiffs' Opposition and in further support of the Motion to Dismiss within 30 days after filing and service of Plaintiffs' Opposition.

26. Defendants shall have no obligation to answer, move, or otherwise plead with respect to any individual action consolidated by this Order. All other scheduling matters relating to, *inter alia,* discovery and motions, including class certification, shall be addressed by the Court in a subsequent order.

Dated: August 19, 2025                                          **SO ORDERED**:

*[Signature]*
_____
Honorable Andrew L. Carter
United States District Judge